IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIC FEJERANG, #Y28680,   )<br>   )<br>   Plaintiff,   )<br>   vs.   )<br>   )<br>G.T.L.,   )<br>ROB JEFFREYS, and   )<br>ANTHONY D. WILLS,   )<br>   )<br>   Defendants.   ) | Case No. 23-cv-01283-SMY |

*(Caption as shown: Plaintiff JUSTIN FEJERANG, #Y28680 v. G.T.L., ROB JEFFREYS, and ANTHONY D. WILLS.)*

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Justin Fejerang, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He raises claims of false advertising, breach of contract, and violation of his Fourteenth Amendment Due Process rights related to his purchase of an electronic tablet and seeks monetary damages and an order to "allow [him] his right to use the whole tablet" including all advertised features and apps (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff bought a tablet from Defendant G.T.L. that was advertised to guarantee access to unlimited music, books,

1

news feeds, movies, games, phone, videos, and emojis (Doc. 1, p. 2). However, Defendants Jeffreys and Wills, without any penological justification, made 30 out of the 40 advertised apps unavailable.

Jeffreys has a contract with G.T.L. to sell tablets to inmates, and Jeffreys and Wills have a contract with Plaintiff because he purchased the tablet. G.T.L. in turn has a contract (displayed on the tablet) with Plaintiff and other prisoners who buy the device. Jeffreys and Wills maintain "confiscation sheet" procedures that satisfy prisoners' due process rights when they buy a product from an outside company. The procedure allows the prisoner to direct the confiscated item to be sent home, picked up at the prison, or destroyed, when they are not allowed to possess the property item.

Plaintiff's tablet has a support app that records the funds placed on the tablet and how they are spent for items featured on the tablet.[1] He attempted to access music only to find certain music was unavailable despite the "unlimited music" guarantee. The tablet would display an error message that data could not be received from the server – but in fact, Wills and Jeffreys had restricted access to some music. Plaintiff experienced a similar problem when trying to access books; the tablet would display "book not found." Wills and Jeffreys had restricted Plaintiff's access and removed advertised books. They also removed the news feed app and certain emojis.[2] Plaintiff sues each Defendant in their individual and official capacity.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: False advertising/consumer fraud claim against all Defendants for

---

[1] Plaintiff notes he wants to use his tablet as evidence to show his purchases/transactions.
[2] As examples, a James Patterson novel is approved on the IDOC publication review list but is restricted on the tablet. Certain song lyrics can be sent to inmates through the mail, but tablet access is blocked. Plaintiff paid for games, movies, and other tablet items that were removed and restricted without penological justification.

        failing to provide the promised unlimited access to books, music, and other items on the G.T.L. tablet.

Count 2:  Breach of contract claim against all Defendants for failing to provide the promised unlimited access to books, music, and other items on the G.T.L. tablet.

Count 3:  Fourteenth Amendment due process claim against Jeffreys and Wills for restricting Plaintiff's access to certain music, books, movies, games, and other apps on his tablet without penological justification.

Count 4:  First Amendment claim against Jeffreys and Wills for restricting Plaintiff's access to certain music, books, movies, games, and other apps on his tablet without penological justification.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

## Discussion

### Count 1

Plaintiff's "false advertising" claim is not a federal constitutional claim. It may best be characterized as a consumer fraud claim, which could be brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/2. *See Flournoy v. Ameritech*, 814 N.E.2d 585, 588-89 (Ill. App. 2004) ("To state a private cause of action under the Consumer Fraud Act, the plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) that the defendant intended for the plaintiff to rely on the deception; (3) that the deception occurred in the conduct of a trade or commerce; (4) that the plaintiff suffered actual damages; and (5) that the damages were proximately caused by the deceptive conduct.") (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151 (Ill. 2002)).

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. As discussed below, the First Amendment claim in Count 4 survives threshold review. Count 1 is grounded on the same operative facts as Count 4 and may therefore proceed for further consideration in this case.

**Count 2**

A claim for breach of contract arises under state law and does not implicate the Constitution. As with Count 1 above, Plaintiff's contract claim may proceed in this § 1983 action only if it is based on a "common nucleus" of facts with a federal constitutional claim. Count 2 is sufficiently related to the First Amendment claim in Count 4, and may also proceed under the Court's supplemental jurisdiction.

**Count 3**

Plaintiff's allegations do not support a Fourteenth Amendment due process claim for the alleged "taking" of his property interest. Plaintiff suggests that his due process rights were violated because Defendants did not follow the "confiscation sheet" notice and response procedure before curtailing Plaintiff's access to the blocked apps and content on his tablet. However, the failure to follow that procedure does not constitute a constitutional violation. A federal court does not enforce state law or a prison regulation such as this. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).

Furthermore, while the Fourteenth Amendment due process clause guarantees the right to be free from deprivations of property by state actors, to maintain such a claim Plaintiff must

4

establish such a deprivation *without due process of law*. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); 705 ILL. COMP. STAT. 505/8. *See also Sorrentino v. Godinez*, 777 F.3d 410, 414-15 (7th Cir. 2015).

For these reasons, the due process claim in Count 3 will be dismissed without prejudice for failure to state a federal claim upon which relief may be granted.

### Count 4[4]

The freedom of speech protected by the First Amendment includes the freedom to read. *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638-39 (7th Cir. 2005) (citing *Stanley v. Georgia*, 394 U.S. 557, 564 (1969); *Lamont v. Postmaster General*, 381 U.S. 301, 306-07 (1965)). While some restrictions on inmates' constitutional rights may properly be imposed by prison authorities, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). But "the arbitrary denial of access to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoting *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.) (per curiam), *cert. denied*, 488 U.S. 863 (1988)).

Accordingly, Count 4 for restriction of Plaintiff's access to content on his tablet without penological justification will proceed against Jeffreys and Wills.

---

[4] Plaintiff did not invoke the First Amendment in his Complaint. However, his statement of facts supports a claim for denial of access to reading/viewing material in violation of his First Amendment rights.

## Official Capacity Claims and Injunctive Relief

Plaintiff raises claims against each defendant in their individual and official capacities. Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Because Plaintiff also seeks injunctive relief to allow him access to the currently blocked features of his tablet, Count 4 may also proceed against the IDOC Director (formerly Jeffreys) and Warden Wills, in their official capacities, to carry out any such relief that may be ordered. As for G.T.L., it is a private company, not a state actor – so the "official capacity" designation does not apply. G.T.L. is implicated only in the state law claims set forth in Counts 1 and 2.

## Disposition

The Complaint states colorable claims in Counts 1 and 2 against G.T.L., Jeffreys, and Wills, and in Count 4 against Jeffreys and Wills. Count 3 is **DISMISSED** without prejudice.

The Clerk shall prepare for G.T.L., Rob Jeffreys (individual and official capacity), and Anthony D. Wills (individual and official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 10, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.