IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN FEJERANG, #Y28680, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 23-cv-01283-SMY |
| ) | |
| VIAPATH TECHNOLOGIES (incorrectly ) | |
| named as G.T.L.),[1] ) | |
| ROB JEFFREYS, and ) | |
| ANTHONY D. WILLS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on a motion to set aside default and for extension of time filed by Defendant ViaPath Technologies ("ViaPath") (Doc. 27). A request for Waiver of Service of Summons was sent to G.T.L. (the Defendant identified by Plaintiff) on October 11, 2023. (Doc. 11). The executed waiver, signed on behalf of Global Tel* Link Corporation (d/b/a ViaPath Technologies) was returned on November 9, 2023. As such, ViaPath's Answer was due December 11, 2023. (Doc. 17).

When G.T.L./ViaPath failed to move, answer, or otherwise plead in response to the Complaint, the Court directed the Clerk of Court to enter default on January 3, 2024; default was entered that day. (Docs. 23, 24). On January 19, 2024, ViaPath, through counsel, filed a motion to set aside default. (Doc. 27).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the

---

[1] Defendant ViaPath's Corporate Disclosure Statement (Doc. 26) clarifies that ViaPath is a wholly owned subsidiary of GTEL Holdings, Inc. and ViaPath is the correct Defendant herein.

1

complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c).  According to the motion, the company representative who signed and submitted the waiver to the court did not inform ViaPath's counsel of the submission.  This mistake, along with personnel being out of the office, missed communications, and an "end of year barrage of additional corporate activity," caused ViaPath to unintentionally miss its deadline to respond.  (Doc. 27, p. 2).  Upon learning of the Entry of Default, ViaPath immediately contacted outside counsel, who filed the instant motion.

Defendant asserts meritorious defenses to Plaintiff's claims: Plaintiff entered into contractual agreements with ViaPath including "Disclaimer of Warranty" and "Limitation on Liability" provisions that limit the action Plaintiff can take against ViaPath; Plaintiff agreed to settle disputes with ViaPath by binding arbitration; and the Subscription Agreement reserved ViaPath/G.T.L.'s right to alter or remove subscription content with or without notice.  (Doc. 27, p. 4).

ViaPath has established excusable neglect, prompt corrective action, and a meritorious defense to the Complaint.  Therefore, and consistent with this Court's preference for adjudication on the merits, Defendant ViaPath's motion to set aside default (Doc. 27) is **GRANTED**.  The Clerk's entry of default (Doc. 24) is **VACATED**.  The motion for extension of time (Doc. 24) is also **GRANTED**.  Defendant ViaPath shall file its responsive pleading on or before **February 16, 2024**.

The Clerk of Court is **DIRECTED** to terminate the incorrectly named Defendant G.T.L. from the court's docket.  Plaintiff's claims against G.T.L., as described in the Memorandum and

Order of October 10, 2023 (Doc. 10), will now proceed against ViaPath Technologies.

**IT IS SO ORDERED.**

**DATED:  January 22, 2024**

<u>*s/ Staci M. Yandle*</u>
**STACI M. YANDLE**
**United States District Judge**