IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN FEJERANG, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 23-cv-1283-RJD |
| | ) |
| | ) |
| ROB JEFFREYS, ANTHONY D. WILLS, | ) |
| LATOYA HUGHES, and VIAPATH | ) |
| TECHNOLOGIES, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleges that Defendant Jeffreys, the former Director of the IDOC, entered into a contract with ViaPath Technologies ("ViaPath") to sell tablets to inmates within the IDOC. Plaintiff purchased a tablet from ViaPath. ViaPath advertised that the tablets provided unlimited access to music, books, news, and entertainment. Plaintiff purchased a tablet from ViaPath. Defendants Wills (the Warden at Menard) and Jeffreys made 30 of the 40 applications on the tablet unavailable. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on one claim against Defendant Jeffreys and Wills for violating his First Amendment rights. Doc. 10. Exercising supplemental jurisdiction, the Court also allowed Plaintiff to proceed on breach of contract and consumer fraud claims against all Defendants. *Id*.

    Defendants Jeffreys and Wills now move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Doc. 38. Defendant ViaPath moves to join in the motion. Doc. 39. Plaintiff did not respond to either motion. Defendants Jeffreys and Wills did not serve

1

Plaintiff with the notice required by SDIL Local Rule, informing Plaintiff (as a pro se party) of the consequences for failing to respond to a motion for summary Judgment. *Timms v. Frank*, 953 F.2d 281, (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Court ordered them to do; more than 30 days have now passed since Defendants filed and mailed the notice to Plaintiff. Docs. 41 and 41.

I. **Motion for Summary Judgment on the Issue of Administrative Remedy Exhaustion by Defendants Wills and Jeffries**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of

its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, an inmate is only required to exhaust the administrative remedies that are available to him. *Lewis v. Washington,* 300 F.3d 829,833 (7th Cir. 2002).

The grievance records submitted by Defendants reflect that Plaintiff submitted a grievance on April 10, 2023 regarding his inability to access "unlimited" music and books on his tablet. Doc. 38-3, p. 2. Plaintiff filed this lawsuit nine days later. Doc. 1. The grievance officer recommended that the "grievance be MOOT" on August 7, 2023 and Warden Wills concurred on August 11, 2023. Doc. 38-3, p. 1. Plaintiff appealed the Warden's decision to the ARB, but the ARB did not reach a decision on the merits of the appeal because Plaintiff failed to submit his original grievance with the appeal. Doc. 38-4, pp. 2-3.

Plaintiff's grievance records reflect that he did not submit any other grievances regarding the tablet prior to filing this lawsuit. Docs. 38-1, 38-2, 38-3, 38-4. Accordingly, because the evidence submitted by Defendants reflect that Plaintiff failed to exhaust his administrative remedies prior to filing suit, Defendants' Motion for Summary Judgment (Doc. 38) is GRANTED and Plaintiff's claims against Defendants Wills and Jeffries are DISMISSED WITHOUT PREJUDICE.

## II.     Plaintiff's claims against Viapath Technologies

ViaPath's Motion to Join requests that it be allowed to join the Motion for Summary Judgment filed by Defendants Wills and Jeffries because, ViaPath contends, it does not have access

to Plaintiff's grievance records (though neglects to explain why it did not subpoena the grievance records). The exhaustion requirement only applies to suits "brought with respect to prison conditions" under federal law. 42 U.S.C. §1997e(a). Defendant ViaPath is not alleged to have any role or influence within the walls of Menard and makes no effort to argue that Plaintiff's breach of contract claim and consumer fraud claim against it involve "prison conditions." Instead, ViaPath requests a seven-day extension to file its own Motion for Summary Judgment if the undersigned denies the Motion to Join. The Motion to Join (Doc. 39) is DENIED WITHOUT PREJUDICE.

However, now that Plaintiff's federal claim against Defendants Wills and Jeffries is no longer pending in this case, the Court sua sponte considers whether to continue to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3); *see also Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir. 2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must"). The federal court may (in its discretion) continue to exercise subject matter jurisdiction over a case where only state law claims remain after the dismissal of federal claims to avoid duplication of effort. *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009). This Court has only considered the exhaustion issue as it applies to Defendants Wills and Jeffries. The parties did not conduct discovery on the merits of Plaintiff's claims. Accordingly, no duplication of effort will be necessary to litigate Plaintiff's claims against ViaPath in state court.

The Court may also retain jurisdiction if Plaintiff's state law claims will be time-barred in state court. *Id*. at 514-15. It is unclear which statute of limitations applies to Plaintiff's breach of contract claim, and when the statute of limitations time period started for either of Plaintiff's claims.[1] Regardless, an Illinois tolling statute allows Plaintiff a minimum of one year from the date this case

---

[1] There is a three-year statue of limitations for claims filed under the Illinois Consumer Fraud Act. 815 ILCS 505/10a(e).

is dismissed to re-file in state court. 735 ILCS 5/13-217.

Finally, this Court may retain jurisdiction over Plaintiff's claims against if it is "absolutely clear" how those claims should be decided. *Sharp Electronics Corp.,* 578 F.3d at 515. Nothing before the Court reflects absolute clarity regarding the merits of Plaintiff's claims. Accordingly, Plaintiff's claims against ViaPath are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## Conclusion

Plaintiff's claims against Defendants Wills and Jeffries are DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies. Plaintiff's claims against ViaPath are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 24, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**